## Frank, Appellant, *v.* Frank.

Argued November 12, 1952. Before Stern, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

reargument refused January 21, 1953.

*Charles W. Eaby* and *Marshall M. Cohen,* for appellant.

*Harris C. Arnold,* with him *Arnold, Bricker & Beyer,* for appellee.

OPINION PER CURIAM, January 5, 1953:

Plaintiff's decedent, Paul S. Frank, and his brother, the defendant Charles S. Frank, were, for thirty years, partners engaged in the business of operating farms and the buying and selling of cattle.

Paul died and his wife, Frances M. Frank, is the administratrix of his estate. Under an agreement entered into by the parties plaintiff sold to defendant for the sum of $10,306.13 the estate's one-half interest in the livestock, crops, farm equipment, and proceeds received or due from the sale of milk and wheat, and she executed a bill of sale for these assets of the partnership. Subsequently she filed a bill in equity against the defendant, as surviving partner, for an accounting. An answer and supplemental answer were filed stating an account, to which exceptions were filed. Elaborate testimony was taken and the court rendered an adjudication; subsequently it revised its findings and restated the account, finding a balance due from defendant to plaintiff of $12,981.24. Of this amount defendant had already paid to plaintiff (under a stipulation) the sum of $12,841.25, which he admitted to be due, leaving a balance payable, by virtue of the court's decree, of $139.99. From that decree plaintiff now appeals.

It appears that at the time of decedent's death there was in the partnership bank account the sum of $20,890.82. Additional collections which were made, together with the proceeds of the sale of some railroad stock owned by the partnership, raised this bank balance to $27,161.86. To this amount the court added surcharges imposed upon defendant of $2,870.73, and allowed credits of $1,358.36 representing moneys belonging to defendant personally but deposited by him in the partnership account in the bank. The court also allowed defendant a certain offset arising from

a sale of wheat in the sum of $2,711.76. The partnership balance for distribution was thus found to be $25,962.47 of which one-half, $12,981.24, was, as already stated, awarded to plaintiff.

Plaintiff complains that the court did not make distribution of the entire fund in the bank account, but the evidence is clear to the effect that not all of the amount there on deposit was partnership property, but that, on the contrary, some of it represented moneys belonging personally to defendant and for which credits were accordingly allowed. Plaintiff complains also of the allowance by the court of the offset to defendant of $2,711.76. Defendant concedes that this allowance was not proper, but contends that it should be balanced against certain items of surcharge which the court erroneously imposed and which should therefore be eliminated. One such item was that of $590.73, being the proceeds from the sale of milk made by defendant subsequent to decedent's death. The uncontradicted evidence indicated that the cows which furnished this milk were purchased by defendant from plaintiff with the other assets included in the bill of sale, and that such purchase was made as of the date of decedent's death even though the bill of sale itself bore a later date; defendant paid personally for all the care and feed for the cows after his partner's death. Defendant was therefore clearly entitled to the sum received from the sale of this milk and consequently it should not have been made an item of surcharge. Defendant claims that a surcharge of $500, representing the value of four bulls, was also improper; he contends that these bulls were included in the bill of sale and paid for by him as a part of that transaction. The court found, however, on competent testimony, that the bulls were not so included and that they must therefore be accounted for by defendant as one of the assets of the

partnership. Another claim of defendant is that he is entitled to the sum of $812.50, representing an overpayment in that amount made by him to plaintiff for her share of the proceeds of a sale of tobacco included in the bill of sale, and that he is likewise entitled to the sum of $175.50 because of a similar overpayment for plaintiff's share of the proceeds of a sale of wheat also included in the bill of sale. Both of these claims for overpayments are clearly supported by the evidence.

Eliminating, therefore, the surcharge imposed by the court of $590.73 for the proceeds of the sale of milk, retaining the surcharge of $500 for the bulls, and cancelling the improper allowance to defendant of the item of $2,711.76, the balance for distribution is properly increased to $28,083.50, of which plaintiff's share would amount to $14,041.75. Deducting therefrom the amounts which defendant is entitled to recover from plaintiff by reason of overpayments totaling $988, there remains a balance due plaintiff of $13,053.75, which is $72.51 more than was awarded to her by the decree of the court. Of this balance plaintiff has received from defendant the sum of $12,841.25, leaving an amount now due and payable to her of $212.50.

The account is therefore restated as follows:

| | | |
|---|---:|---:|
| *Debits* as fixed by the court | | $27,161.86 |
| *Surcharges* — Net proceeds of | | |
| three acres of tobacco | $500.00 | |
| Value of four bulls | 500.00 | |
| Rental for Meckley farm | 1,280.00 | 2,280.00 |
| | | |
| TOTAL DEBITS | | $29,411.86 |
| *Credits* allowed by the court | | 1,358.36 |

BALANCE FOR DISTRIBU-
TION                                      $28,083.50
Due to plaintiff ½ or                     $14,041.75

*Overpayments* by defendant to
  plaintiff
For wheat                    $175.50
For tobacco                   812.50       988.00

NET AMOUNT DUE TO
PLAINTIFF                                 $13,053.75
Less amount previously paid               12,841.25

AMOUNT NOW PAYABLE              $    212.50

The decree of the court below as amended in accordance with this opinion is affirmed, and defendant is ordered to pay to plaintiff the sum of $212.50. The costs of this appeal are to be paid one-third by defendant and two-thirds by plaintiff.